UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CR-00027-JAW-1 |
| | ) | |
| CAROLE SWAN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON RULE 17(c)(3) MOTION**

Defendant Carole Swan requests, pursuant to Rule 17 of the Federal Rules of Criminal Procedure, an order concerning certain documents produced to the Maine Superior Court for that court's in camera inspection. The motion is denied.

**Background**

Prior to the grand jury's return of the indictment underlying this case, the Kennebec County District Attorney brought charges against Carole Swan in the Maine Superior Court. Swan subpoenaed the personal or confidential bank records of witness Frank Monroe and Monroe Construction and they then moved to quash. The Superior Court denied the motion to quash, but only ordered that the documents in question be provided to the court for in camera review. This approach was in keeping with Rule 17(d) of the Maine Rules of Criminal Procedure.

According to the movant, sometime after the documents were delivered to the Superior Court, the grand jury returned its indictment, the federal prosecution commenced, and the Kennebec County District Attorney dismissed its case. Swan requests an order directing the

Clerk of the Superior Court to transfer to this court those documents produced for the Superior Court's in camera inspection. ("Motion in Limine," ECF No. 46.)

## Discussion

Swan has not filed in this court a preliminary motion pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure. Pursuant to that Rule, "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Shaw has not yet obtained an order from this court. Moreover, as presented, the motion presumes that this court will agree to an in camera inspection of certain documents without having the benefit of any preliminary briefing on the question. There are certain prerequisites that must be addressed first.

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974).

Although it is understandable that Swan wishes to expedite the matter of her subpoenas, the motion must be denied in the manner it is currently presented. It would be highly irregular for this court to issue an order directing a state court to do anything with respect to its docket and related filings.[1]

---

[1] The order that directed the production of the documents for the Superior Court's in camera review issued in December 2011 and provided for the destruction of the documents if the court determined they did not have evidentiary value. (ECF No. 46-1.) The documents no longer have evidentiary value as far as the dismissed state court action is concerned.

## Conclusion

Swan's motion (ECF No. 46) requesting an order directing the Superior Court to deliver certain sealed documents to this court is denied.

## CERTIFICATE

Any objection to this Order shall be filed in accordance with Fed. R. Crim. P. 59(a).

*So Ordered*.  /s Margaret J. Kravchuk
November 14, 2012  United States Magistrate Judge