UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00027-JAW-1 |
| | ) | |
| CAROLE SWAN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR BILL OF PARTICULARS**

Now before the Court is Defendant Carole Swan's Motion for a Bill of Particulars (ECF No. 52) concerning counts 13 through 17 of the Indictment. The motion is denied.[1]

**THE INDICTMENT**

In counts 13 through 17, the Indictment charges Carole Swan with federal program fraud in violation of 18 U.S.C. § 666(a)(1)(A). The charge is described as five counts and reads as follows:

On or about the dates set forth below, in the District of Maine, the defendant,

CAROLE SWAN,

being an agent of the Town of Chelsea, Maine, a local government, which received in the one year period beginning April 15, 2007, federal program assistance in excess of $10,000 from the Federal Emergency Management Agency, obtained by fraud and intentionally misapplied, property worth at least $5,000 and under the care, custody or control of Chelsea, namely, the defendant participated in the selection, award and administration of the Windsor Road Culvert Project following the Patriot's Day Storm of 2007, a contract supported by federal funds, and obtained for Marshall Swan Construction, an entity she co-owned, $396,880 as set forth below, by deceiving town employees and officials and other potential bidders on the Project that the true material cost of the culvert was about $130,000 and causing Chelsea to pay $130,000 for the culvert to Marshall Swan Construction when, she then and there well knew, the true cost of the culvert was only about $58,000:

---

[1] In a recommended decision issued on even date with this order, I have recommended that the Court grant a motion to dismiss counts 13 through 17 as multiplicitous, with leave for the Government to file a superseding indictment.

| Count | Date | Amount | Check # | Expense |
|---|---|---|---|---|
| 13 | 7/10/2007 | $30,000 | 19198 | First Payment on Culvert |
| 14 | 7/16/2007 | $88,960 | 19210 | First Progress Payment |
| 15 | 7/16/2007 | $100,000 | 19212 | Second Payment on Culvert |
| 16 | 8/31/2007 | $88,960 | 19312 | Second Progress Payment |
| 17 | 9/15/2007 | $88,960 | 19346 | Third Progress Payment |

Thus, defendant violated Title 18, United States Code, Section § 666(a)(1)(A). (Indictment ¶ 7, ECF No. 1.)

## DISCUSSION

Carole Swan requests a bill of particulars, representing in her motion that she "know[s] for a certainty" that the Government is alleging fraud in connection with Marshall Swan Construction's bid on the Windsor Road Culvert Project, but that "she is unable to discern what behavior on her part makes her liable for a 666 violation." (Motion at 5.) Carole Swan represents that, "try as she might," she "cannot discern what actions of hers were committed which deceived the town employees and officials and other potential bidders that the true material cost was about $130,000." (Id.) She then argues that the Government's references to the "material cost" of the culvert or the "true cost" of the culvert are not legal terms and require some additional explanation so that she can prepare her defense, such as by securing records and hiring experts to address the fact that she believes her representation of the "material cost" of the culvert was accurate. (Id. at 6.) She maintains that she cannot tell from the indictment what the underlying fraud is or in what communication the false representation allegedly occurred. (Id. at 8.)

The Indictment and the Government's Response (ECF No. 61) to the instant motion reflect that the Town of Chelsea obtained in excess of $10,000 from the Federal Emergency Management Agency in 2007 to fund repairs to the Windsor Road in Chelsea, which road was washed out by storm water associated with the Patriot's Day Storm of 2007 and required, among other things,

2

installation of a substantial culvert. At that time, as alleged, Carole Swan was a selectperson for the Town of Chelsea. Carole Swan and her husband, co-defendant Marshall Swan, co-owned Marshall Swan Construction, an entity interested in bidding on the contract to repair the Windsor Road.

According to clarifying statements found in the Government's response, Carole Swan (in her role as selectperson) not only attended but also ran the pre-bid meeting that prospective bidders were required to attend. At that meeting, allegedly, Swan "deceived town employees and officials and the bidders on the Project telling them that the cost of the culvert pipe was about $130,000," when in fact the culvert cost less than half that amount. (Response at 11.) The Government alleges that, because of this fraudulent representation, all of the bidders except Marshall Swan Construction factored the false price of the culvert into their bids, ensuring that Marshall Swan Construction would be the lowest bidder and would be awarded the project. (Id.) According to the Indictment, Marshall Swan Construction won the bid and eventually billed the Town of Chelsea and received payments totaling $130,000 for the culvert. (Id.)

> Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

As currently drawn, the Indictment sufficiently conveys the particulars of the alleged federal program fraud. The Indictment alleges that Carole Swan was an agent of the Town of Chelsea and fraudulently represented that the culvert required for the Windsor Road Culvert Project cost approximately $130,000 when it actually cost about $58,000. The only information omitted from the Indictment is the contention that this fraudulent representation was material to Marshall Swan Construction obtaining the Project because competing bidders relied on the false representation and submitted inflated bids, thereby assuring that Marshall Swan Construction would have the lowest bid. Although the Indictment did not spell out the Government's theory about the materiality of the

3

allegedly fraudulent representation, it is a natural inference to draw from the Indictment. Denial of a bill of particulars will not prevent Carole Swan from preparing her defense to the charge, subject her to "untenable surprise," or impose any "other cognizable prejudice." Id. at 1193.

## CONCLUSION

For the foregoing reasons, Defendant Carole Swan's Motion for a Bill of Particulars concerning counts 13 through 17 of the Indictment is DENIED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

*So Ordered.*
November 26, 2012    /s/ Margaret J. Kravchuk
                     U.S. Magistrate Judge